MICHAEL SHEEHAN, Respondent, *v.* XAVER MAYER, Appellant, Impleaded, etc.

*Leases of land in their reservation, by the Seneca Indians — right of a mortgagee of the lease and improvements to enforce his mortgage — when a renewal of the lease by him will be presumed.*

In June, 1872, Casler Redeye, a Seneca Indian, residing on the Allegany Indian reservation, in the county of Cattaraugus, leased to the plaintiff a piece of land on said reservation for a term of thirteen years from November 1, 1872; the land so leased being within the boundaries of one of the villages mentioned in the act of congress, passed in 1875, authorizing the Seneca nation to lease certain lands and confirming, for the term of not exceeding five years or less, existing leases. On November thirtieth the plaintiff assigned the lease and transferred the possession of the land, on which were then a house and barn, to the defendant, in consideration of the sum of $1,100, payment of which was secured by

a mortgage upon the house and barn, and also upon his interest in the lease, and all buildings then on said land or thereafter to be erected thereon.

The defendant continued in possession of the premises under said lease, and in April, 1878, default having been made, the plaintiff commenced this action to foreclose said mortgage. The action was tried in May, 1881, and in March, 1884, judgment was entered directing that the premises be sold; that the purchaser be let into possession; that the proceeds, or so much thereof as may be necessary, be applied to the payment of the amount unpaid upon the mortgage, and that the deficiency, if any, be paid by the defendant.

Subsequently the defendant moved to modify the judgment by striking out the provision that the purchaser at the foreclosure sale be let into possession, upon the ground that the lease referred to was void at its execution, and that, even if it was made valid by the act of congress, it was for five years only from the passage of the act, which term had expired before the trial of the action.

*Held*, that the motion was properly denied.

That the defendant was not in a position to raise the question whether or not the lease had expired; that it had not expired when the action was commenced, and it did not appear that the defendant had been disturbed in his possession when the judgment was entered.

That the right conferred by the act of congress upon the Indian nation, to the possession of the land at the expiration of the five years, was subordinate to the right of the owner of the improvements to a renewal of the lease, provided for in said act, for twelve years thereafter.

That the plaintiff's interest, as mortgagee of the improvements and of the land, gave him the right of renewal under the act, and from the fact that his assignee continued in possession under the lease it would be presumed, if necessary, that the lease had been renewed.

APPEAL from a judgment in favor of the plaintiff, entered upon a decision made at the Cattaraugus Special Term, and from an order denying a motion to modify the judgment.

*Henderson & Wentworth*, for the appellant.

*Ansley & Vreeland*, for the respondent.

SMITH, P. J.:

In June, 1872, Casler Redeye, a Seneca Indian, residing on the Allegany Indian reservation, in the county of Cattaraugus, executed to the plaintiff a lease of a piece of land on said reservation for the term of thirteen years from the 1st day of November, 1872. The land so leased was within the boundaries of the village of Great Valley, one of the villages mentioned in the act of congress, approved February 19, 1875, entitled "An act authorizing the

Seneca nation of New York Indians to lease lands within the Cattaraugus and Allegany reservations, and to confirm existing leases." (U. S. Sess. Laws, 1874, 1875, p. 330.)

On the 30th of November, 1875, the plaintiff assigned said lease and transferred the possession of said land, on which were then a house and barn, to the defendant, in consideration of the sum of $1,100 agreed to be paid therefor by the defendant, to secure the payment of which the defendant, on the same day, executed to the plaintiff a mortgage upon the house and barn and also upon his interest in said lease and all buildings then on said land or thereafter to be erected thereon.

The defendant continued in possession of the premises under said lease, and in April, 1878, default having been made, the plaintiff commenced this action to foreclose said mortgage. The action was tried in May, 1881, and in March, 1884, judgment was entered directing that the premises be sold; that the purchaser be let into possession; that the proceeds, or so much thereof as may be necessary, be applied to the payment of the amount unpaid upon the mortgage, and that the deficiency, if any, be paid by the defendant.

Subsequently, the defendant moved at Special Term to modify the judgment so as to conform to the decision of the trial judge, and particularly to strike out the provision that the purchaser at the foreclosure sale be let into possession. The motion was denied.

The argument of the appellant's counsel, if we correctly apprehend it, may be summed up in the proposition that the lease referred to was void at its execution, and, at the most, was made valid by the act of February, 1875, for five years only from the passage of said act, and that, as the five years had elapsed before the trial, the court erred in holding that the mortgage was then a subsisting lien upon the premises.

The act referred to, made valid all then existing leases of lands within the boundaries of the villages therein named, in which Indians of the Seneca nation, or persons claiming under them, were lessors (with an exception not material to the present case) for a period of five years after the passage of the act, except such as, by their terms, expired at an earlier date. The act also provided that, at the expiration of a lease, the nation should be entitled to the possession of the lands and have power to lease the same. It

also made such leases renewable, at their termination, for periods not exceeding twelve years, and provided that the persons who might be at such time the owners of improvements erected upon such lands should be entitled to such renewed leases, and to continue in possession of such lands on such conditions as might be agreed upon by such owners and the councilors of the Seneca nation, or, in case of their disagreement, by referees, to be chosen as provided in the act. (Sec. 3.)

The lease in question, if invalid before the act, was made valid by its provisions. We do not think the defendant is in a position to raise the question whether the lease had expired. Clearly, it had not expired when the suit was commenced, as that was within five years after the passage of the act. Whether the plaintiff had availed himself of the right of renewal, under the act, is a question which does not concern the defendant. It does not appear that the defendant had been disturbed in his possession when judgment was entered. For aught that appears, his only right to the possession was under the lease assigned to him by the plaintiff. The right of the Indian nation to the possession of the land, at the expiration of the five years, was subordinate to the right of the owner of the improvements to a renewal of the lease for twelve years thereafter. While it was not proved at the trial that the lease had been renewed, neither was the contrary shown. The plaintiff's interest, as mortgagee of the improvements and of the leasehold, we conceive, gave him the right of renewal under the act; and from the fact that his assignee continued in possession under the lease, it may be presumed, if necessary to support the judgment, that the lease had been renewed.

We think the case was correctly disposed of at the trial and upon the motion under review, and that the judgment and order should be affirmed, with costs.

BRADLEY, J., concurred; BARKER and HAIGHT, JJ., not sitting.

Judgment and order affirmed.